# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

BRENT D. HOLMES,

        **Plaintiff,**

v.                                                           Case No. 21-2093

INMAR BRAND SOLUTIONS, INC.,

        **Defendant.**

## ORDER

This case is before the Court on the Motion to Compel Discovery (#101) filed by Plaintiff, Brent D. Holmes. Defendant, Inmar Brand Solutions, filed a Response (#102) in opposition. With leave of Court, Plaintiff filed a Reply (#110). For the reasons provided below, Plaintiff's Motion to Compel Discovery (#101) is denied.

### I.      Background

Plaintiff's claims arise out of a rebate program administered by Defendant on behalf of Deutsch, a marketer and distributor of retail wines and alcohol. The rebate program was designed to entice consumers to purchase products by offering consumers a cash rebate. Plaintiff submitted a $9 rebate form, which listed his date of birth as "9/12/15." Defendant sent Plaintiff an email notifying him that his rebate form was invalid as his birth date indicated he was not 21 years of age. The parties agree that Plaintiff was 21 years of age at the time of purchase and mistakenly included the wrong birth date. The parties exchanged communications, but Plaintiff never received his $9 rebate.

The parties have had discovery disputes throughout the litigation. On October 19, 2023, the Court denied Plaintiff's prior Motion to Compel because Plaintiff failed to meet

and confer in good faith pursuant to Rule 37(a). Discovery proceeded and closed on June 15, 2024.[1]

On June 7, 2024, one week before discovery closed, Plaintiff filed the instant Motion to Compel. Plaintiff asks the Court to compel Defendant to produce responses to Plaintiff's Supplemental Interrogatories and Supplemental Requests for Production. Plaintiff further asks the Court to compel Defendant to produce three witnesses for depositions.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. (26)(b)(1).

Under Rule 37(a), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." The district court exercises significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny the motion in whole or in part. *Id.*

"It has been recognized that a district court may deny a motion to compel 'as untimely due to unexplained or undue delay or when the late motion will require an extension of the discovery period.'" *Knight v. Ill. Dept. of Natural Resources*, 2014 WL 1282554, at *4 (C.D. Ill. March 31, 2014); citing *Medicines Co. v. Mylan Inc.*, 2013 WL 120245, at *2 (N.D. Ill. Jan. 9, 2013); *see also Grassi v. Information Resources, Inc.*, 63 F.3d 596, 604 (7th Cir. 1995) (upholding the district court's denial of a motion to compel filed two weeks prior to trial after more than four years of discovery); *Olive Can Co., Inc. v. Martin*, 906

---

[1] The Court denied Plaintiff's request for Class Certification on April 3, 2024 (#92).

F.2d 1147, 1153 (affirming denial of a motion to reopen discovery when the plaintiffs had notice of the issue earlier in the discovery process). "Motions to compel filed after the close of discovery are almost always deemed untimely." *Medicines Co.*, 2013 WL 120245, at *2.

### III.   Analysis

#### a.   Supplemental Discovery

Plaintiff served his Supplemental Interrogatories and Supplemental Requests for Production on April 2, 2024.[2] Defendant objected, noting that Plaintiff had exceeded the number of allowable interrogatories, along with other more specific objections. Defendant notes that it informed Plaintiff of its objection regarding the number of interrogatories back in October 2023, but that Plaintiff declined to seek court leave to exceed the allowed number.

First, the Court finds that Plaintiff again failed to meet and confer regarding the discovery disputes as required by Rule 37(a).

Federal Rule of Civil Procedure 37(a) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 WL 1830809, *1 (N.D. Ind. June 21, 2007) (*quoting Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000)). "The requirement to meet-and-confer must be taken seriously, as 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Id.* (*quoting Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006)).

---

[2] At this time, discovery was set to close on April 5, 2024, three days after Plaintiff served its supplemental discovery responses.

3

The Court previously reminded Plaintiff of the meet and confer Rule and denied his prior Motion to Compel for failing to satisfy the Rule's obligations seven months prior to Plaintiff filing his second Motion to Compel.

Plaintiff's Motion states that he had a single telephone call with defense counsel on these matters on May 14, 2024. Defense counsel acknowledges that phone call, but states that the parties discussed only the deadline for Defendant's responses to the supplemental discovery requests. According to Defendant, no substantive discussion about the discovery responses occurred. And in fact, the parties could not have discussed Defendant's responses because those were not served until two weeks later on May 30, 2024. In reply, Plaintiff states, "Counsel for the parties could engage in dozens of meet and greets, but nothing will be provided by Defendant unless the Court compels it to be provided."

A single telephone call to discuss deadlines is insufficient to show the parties met in good faith to attempt to resolve the dispute without the Court. Plaintiff's counsel's belief that Defendant will refuse to produce documents without a Court order is irrelevant to the obligations set forth under Rule 37(a). If Plaintiff is allowed to avoid the requirements of Rule 37 simply by stating that the conference would have been fruitless, this would nullify the requirement for every party going forward. No one would take the requirement seriously.  Instead, the Court would be inundated with motions to compel in which the moving party simply claims that a meet and confer would have been futile. The Court reminds Plaintiff that the requirement to meet-and-confer must be taken seriously.

Even if the Court had found that the parties fulfilled their obligations under Rule 37, Plaintiff's Motion still fails. Plaintiff first submitted the supplemental discovery requests on April 2, 2024, three days before the close of discovery. By waiting until April 2, 2024, to serve these requests, Plaintiff knew Defendant would be unable to respond before the close of discovery. *See Estate of Wells ex rel. Wells v. Bureau County*, 2010 WL 1416838 (C.D. Ill April 5, 2010) ("Although it might be argued that the subpoena was timely because it was served before the close of discovery, the practical effect is that

Plaintiff is conducting discovery after the deadline imposed by the scheduling Order in this case.")

Then, after the Court granted one last discovery extension (noting "Absent extenuating circumstances, any further requests for extensions of time will be denied"), Plaintiff again waited until days before the close of discovery to file the instant Motion to Compel. A scheduling order has been in place since April 25, 2022. Plaintiff had ample opportunity to serve discovery requests in time for Plaintiff to reply, the parties to discuss any disputes, and to seek court action without waiting until days before the close the discovery.[3]

Because Plaintiff failed to meet and confer and because the requests were untimely, Plaintiff's Motion to Compel responses to his Supplemental Interrogatories and Supplemental Requests for Production is denied.

### b. Depositions

Plaintiff's Motion also asks the Court to order Defendant to produce Martha Amaya, Adriana Argueta, and Jennifer Faulwetter for depositions by Zoom. Ms. Amaya and Ms. Argueta were employees at a call center in El Salvador who took Plaintiff's complaints regarding his denied rebate. Ms. Faulwetter is Defendant's employee who resides in the United States and has knowledge about the operations of the call center.

Plaintiff first sought to take Ms. Faulwetter's deposition during the May 14, 2024, phone call. The parties originally discussed setting Ms. Faulwetter's deposition for June 11, 2024, but decided to delay the deposition as they engaged in settlement negotiations. There was no apparent meet and confer regarding Ms. Faulwetter's deposition, as Plaintiff filed the Motion to Compel before the original date discussed for Ms. Faulwetter's deposition. It was Plaintiff's obligation to notice Ms. Faulwetter's deposition, which Plaintiff failed to do during the original discovery period and failed to do after the Court granted a final extension. Without a timely notice, there is nothing for

---

[3] As noted above, Defendant also made Plaintiff aware that it objected to Plaintiff issuing the supplemental interrogatories because Plaintiff exceeded the number of allowable interrogatories under Rule 33(a)(1). Defendant informed Plaintiff of this objection in October 2023. Plaintiff failed to seek leave from the Court to exceed the limit even after Defendant informed Plaintiff of its objection.

the Court to enforce. *See Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019). The Motion to Compel Ms. Faulwetter's deposition is denied.

Unlike Ms. Faulwetter, the parties discussed the depositions of Ms. Amaya and Ms. Argueta earlier in this case. Plaintiff's counsel was told that these individuals worked in a call center in El Savador, with which Defendant contracted. The parties spend much of their briefing debating whether defense counsel indicated that he represented Ms. Amaya and Ms. Argueta or whether defense counsel was simply the contact through whom Plaintiff could arrange the depositions.

No notice or subpoena is included with the motion for either witness. This is sufficient to deny the motion, just as for Ms. Faulwetter. Regardless (and regardless whether defense counsel represented Ms. Amaya and Ms. Argueta), Plaintiff unreasonably delayed in seeking the depositions. Discovery has been open for more than two years. Defendant disclosed the witnesses' contact information in August 2023. Yet, despite knowing that Ms. Amaya and Ms. Argueta lived in another country and may or may not be still employed by the call center, Plaintiff failed to pursue the depositions until May 2, 2024, two years after the Court entered the original discovery order and eight months after their contact information was disclosed. Plaintiff's request to depose individuals outside the country only one month before discovery closed is untimely, especially since the Court had noted on that same date that further requests for extension would be denied outside a showing of extenuating circumstances. These depositions could have been sought anytime in the prior two years. Due to Plaintiff's delay, the Motion to Compel Ms. Amaya and Ms. Argueta's depositions is denied.

## IV. Conclusion

For these reasons, Plaintiff's Motion to Compel Discovery (#101) is denied. Discovery remains closed and this case remains set for trial on November 19, 2024, at 9:00 a.m.

ENTERED this 1st day of August, 2024.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

6